IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-118-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| COREY MICHAEL EDWARDS, | ) |
| | ) |
| Defendant. | ) |

On May 7, 2021, Corey Michael Edwards ("Edwards" or "defendant") moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 101].[1] On June

2, 2021, Edwards, through counsel, filed a memorandum in support [D.E. 102]. On June 16, 2021,

the government responded in opposition [D.E. 105]. On July 7, 2021, Edwards submitted additional

documents in support of his motion for compassionate release [D.E. 109]. As explained below, the

court denies Edwards's motions.

I.

On October 4, 2017, pursuant to a written plea agreement, Edwards pleaded guilty to

possession of firearms and ammunition by a felon. See [D.E. 36–37, 72]. On May 25, 2018, the

court held a sentencing hearing. See [D.E. 61, 66, 71]. After adopting the facts as set forth in the

---

[1] Edwards filed several other unrelated motions. On May 21, 2020, Edwards moved for a
copy of the docket sheet [D.E. 89]. Edwards can obtain a copy of the docket sheet from the court;
therefore, the court dismisses this motion. Edwards also moved for an extension of time to file a
response [D.E. 90] to the government's motion to dismiss his now-withdrawn section 2255 motion.
The court dismissed this motion as moot. On March 19, 2021, Edwards moved for appointment of
counsel [D.E. 98]. Edwards has counsel; therefore, the court dismisses this motion as moot.

Presentence Investigation Report ("PSR") and overruling Edward's objections, the court calculated Edwards's advisory guideline range as 180 to 210 months' imprisonment. Sent. Tr. [D.E. 71] 5–7. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Edwards to 180 months' imprisonment. See [D.E. 61, 66]; PSR [D.E. 50]; Sent. Tr. [D.E. 71] 5–14 ; Fed. R. Crim. P. 32(i)(3)(A)–(B). On June 6, 2018, Edwards appealed. See [D.E. 63]. On May 28, 2019, the United States Court of Appeals for the Fourth Circuit Court affirmed Edwards's sentence. See United States v. Edwards, 767 F. App'x 546 (4th Cir. 2019) (per curiam) (unpublished). On January 24, 2020, Edwards petitioned the United States Supreme Court for certiorari. See [D.E. 76]. On February 24, 2020, the Court denied certiorari. See [D.E. 77].

On April 2, 2020, Edwards moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. See [D.E. 78]. On May 11, 2020, the government moved to dismiss Edwards's section 2255 motion. See [D.E. 84]. On June 30, 2021, Edwards withdrew his section 2255 motion. See [D.E. 108]. Thus, the court denies as moot the government's motion.

On May 7, 2021, Edwards moved for compassionate release. See [D.E. 101]. On June 16, 2021, the government responded in opposition. See [D.E. 105]. On July 7, 2021, Edwards submitted additional documents in support of his motion for compassionate release. See [D.E. 109].

## II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

2

[BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) Medical Condition of the Defendant.—
>
>        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus,

---

> of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motion for compassionate release, Edwards claims he exhausted his administrative remedies. See [D.E. 101] 3; [D.E. 102] 2–3. Specifically, Edwards filed a request for compassionate

release with which the warden denied on March 12, 2021. See [D.E. 101-4] 1. The government has not invoked section 3582's exhaustion requirement. Cf. United States v. Muhammad, 16 F.4th. 126, 130 (4th Cir. 2021). Accordingly, the court addresses Edwards's motion on the merits.

Edwards seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Edwards cites the COVID-19 pandemic, his health conditions, his rehabilitative efforts, and his release plan. See [D.E. 101, 102].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Edwards argues that his asthma, "borderline obes[ity,]" high blood pressure, intestinal blockage, seizures, and anxiety place him at heightened risk of serious infection from COVID-19. See [D.E. 101] 5; [D.E. 102] 1, 1 n.1. Beyond generalized arguments about the spread of COVID-19 within BOP generally and FCI Gilmer specifically, Edwards does not argue he is unable to manage his health conditions while incarcerated or that the BOP is not treating his health conditions.

Although some of Edwards's conditions are not risk factors for severe COVID-19 infection, some of his conditions are recognized risk factors. See Centers for Disease Control, Groups At Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/ people-with- medical-conditions.html (last visited Jan. 3, 2022). Edwards cites studies and articles about the risk of severe COVID-19 infection among those with his conditions and the difficulty of controlling COVID-19 spread in prison. See [D.E. 102] 4–7. As of March 23, 2021, Edwards is fully vaccinated against COVID-19. See [D.E. 101-4] 7; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it

6

impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); see also United States v. Baeza-Vargas, No. No. CR-10-00448-010-PHX-JAT, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19). Being fully vaccinated reduces Edwards's risk of serious infection. Accordingly, reducing Edwards's sentence is inconsistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Edwards's health conditions, his rehabilitation efforts, and his release plan are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Edwards offers a release plan that includes living with his wife and son. See [D.E. 101] 2. He also has a job offer at Chipotle. See id. The court also recognizes that Edwards has a supportive family and friends. See, e.g., [D.E. 101-4] 8–17 (letters from family, friends, and former co-workers). Edwards, however, being fully vaccinated diminishes the risk associated with COVID-19. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Moreover, and in any event, the section 3553(a) factors counsel against reducing Edwards's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Edwards is 33 years old and is incarcerated for possession of firearms and ammunition by a felon. See PSR ¶¶ 1–8. Law enforcement officers found two firearms in Edwards's residence

**7**

while he was on probation. See id. ¶ 6. Edwards's residence also contained marijuana and drug paraphernalia. See id. Edwards is an armed career criminal and validated gang member. See PSR at 2, ¶¶ 18–23. Edwards has a long criminal history. See id. ¶¶ 13–23. Edwards has convictions for misdemeanor breaking and entering, misdemeanor larceny (five counts), felony breaking and entering (seven counts), felony larceny (two counts), misdemeanor trespassing, breaking and entering a motor vehicle (three counts), misdemeanor financial card theft, and felony larceny of a firearm. See id. He has performed poorly while in custody and on probation and supervision. See id. ¶¶ 13–16, 18–20, 23.

Edwards has made some positive efforts while federally incarcerated. Edwards has completed multiple classes and programs and has earned his GED. See [D.E. 102] 2; [D.E. 102-2] 1. Edwards currently works in food service and has satisfied his financial obligations to the court. See id.; [D.E. 102] 10.

The court must balance Edwards's efforts at rehabilitation with his serious criminal conduct, terrible criminal history, poor performance on probation and supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Edwards's potential exposure to COVID-19, his health conditions, his rehabilitative efforts, and his release plan. The court recognizes that Edwards plans to live with his wife and child, that he plans to works, and that he has a supportive community. See [D.E. 101] 2; [D.E. 101-4] 8–17. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Edwards's arguments, the government's persuasive response, the need to punish Edwards for his serious criminal behavior, to

**8**

incapacitate Edwards, to promote respect for the law, to deter others, and to protect society, the court

denies Edwards's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138

S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss,

948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C.

Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished)

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 101]. The

court DENIES as moot defendant's motion to appoint counsel [D.E. 98], defendant's motion to for

extension of time [D.E. 90], and the government's motion to dismiss [D.E. 84]. The court DENIES

defendant's remaining motion [D.E. 89].

SO ORDERED. This 4 day of January, 2022.

JAMES C. DEVER III
United States District Judge