IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-118-D
No. 5:20-CV-138-D
No. 5:25-CV-232-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COREY MICHAEL EDWARDS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Proceeding both pro se and through counsel, Corey Michael Edwards ("Edwards" or "petitioner") seeks relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence. See [D.E. 122, 137, 158]; cf. [D.E. 167] 6–7. The United States opposes the motion and asks the court to dismiss the motion for lack of jurisdiction or failure to state a claim. See Mot. [D.E. 147]; Am. Mem. Supp. [D.E. 150-2]; Suppl. Mem. [D.E. 163]. The court notified Edwards about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 149]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Through counsel, Edwards responded in opposition to the motion to dismiss. See [D.E. 159, 167]. As explained below, the court grants the motion to dismiss Edwards's section 2255 motion as second or successive and, alternatively, for failure to state a claim and denies a certificate of appealability.

I.

On October 4, 2017, with a written plea agreement, Edwards pleaded guilty to possession of firearms and ammunition by a felon. See [D.E. 36–37, 72]. Before accepting Edwards's plea, the court warned Edwards that he might receive an enhanced sentence as an armed career criminal

under 18 U.S.C. § 924(e)(1) ("ACCA"). See [D.E. 72] 21. On May 25, 2018, the court held a sentencing hearing. See [D.E. 61, 66, 71]. After adopting the facts as set forth in the Presentence Investigation Report ("PSR") and overruling Edward's objections, the court calculated Edwards's ACCA-enhanced advisory guideline range as 180 to 210 months' imprisonment. See Sent. Tr. [D.E. 71] 5–7.[1] After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Edwards to 180 months' imprisonment. See [D.E. 61, 66]; PSR [D.E. 50]; Sent. Tr. [D.E. 71] 5–14; Fed. R. Crim. P. 32(i)(3)(A)–(B). On June 6, 2018, Edwards appealed. See [D.E. 63]. On May 28, 2019, the United States Court of Appeals for the Fourth Circuit Court affirmed Edwards's sentence. See United States v. Edwards, 767 F. App'x 546 (4th Cir. 2019) (per curiam) (unpublished). On January 24, 2020, Edwards petitioned the United States Supreme Court for certiorari. See [D.E. 76]. On February 24, 2020, the Supreme Court denied certiorari. See [D.E. 77].

On April 2, 2020, Edwards filed a pro se motion to vacate his conviction and sentence. See 28 U.S.C. § 2255; [D.E. 78]. In his motion, Edwards challenged his ACCA designation and argued that he received ineffective assistance of counsel. See [D.E. 78]; see also [D.E. 122] 1–2. On May 11, 2020, the government moved to dismiss Edwards's section 2255 motion. See [D.E. 84]. On May 18, 2020, the court stayed Edwards's motion pending the Fourth Circuit's mandate in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 88]. On June 17, 2020, Edwards's counsel filed a notice of appearance and supplemented Edwards's pro se motion. See [D.E. 92, 93]. On June 14, 2021, the Supreme Court reversed Gary. See Greer v. United States, 593 U.S. 503, 515 (2021). On June 30, 2021, through counsel, Edwards withdrew his section 2255 motion. See

---

[1] Edwards's plea agreement resulted in a substantial reduction of his advisory guideline range. See PSR ¶ 67.

2

[D.E. 108]. On January 4, 2022, the court denied as moot the government's motion to dismiss. See [D.E. 112].

Citing Erlinger v. United States, 144 S. Ct. 1840 (2024), and Wooden v. United States, 595 U.S. 360 (2022), Edwards again challenges his ACCA-enhanced sentence. See [D.E. 122]; [D.E. 137]; [D.E. 155]; [D.E. 159]. The United States responds that Edwards's section 2255 motion is successive and, alternatively, meritless. See [D.E. 148]; [D.E. 163].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison,

431 U.S. 63, 74 n.4 (1977).

### A.

"Habeas petitioners are generally entitled to one fair opportunity to litigate the merits of their postconviction claims in federal court." Rivers v. Guerrero, 605 U.S. 443, 450 (2025) (cleaned up). A petitioner who wishes to file "a second or successive [section 2255] application . . . in the district court . . . [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see id. § 2255(h); Rivers, 605 U.S. at 450; see, e.g., Gonzalez v. Crosby, 545 U.S. 524, 528–38 (2005); Richardson v. Thomas, 930 F.3d 587, 595–600 (4th Cir. 2019); Moses v. Joyner, 815 F.3d 163, 167–69 (4th Cir. 2016); United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003), abrogated in part by United States v. McRae, 793 F.3d 392 (4th Cir. 2015); Couther v. United States, 619 F. Supp. 3d 570, 577 (E.D. Va. 2022).

"The phrase 'second or successive application[]' . . . is not self-defining[,]" and "does not simply refer to all habeas filings made second or successively in time[] following an initial application." Banister v. Davis, 590 U.S. 504, 511 (2020) (cleaned up); see Magwood v. Patterson, 561 U.S. 320, 339 (2010); Slack v. McDaniel, 529 U.S. 473, 485–86 (2000); Stewart v. Martinez-Villareal, 523 U.S. 637, 643 (1998); United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014); Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000); Couther, 619 F. Supp. 3d at 577. For example, "[a]n initial habeas petition generally does not count for purposes of the 'second or successive' rule . . . if it was voluntarily withdrawn by the petitioner[,]" the petitioner "did not concede upon withdrawal of his first § 2255 motion that the motion lacked merit, and it is not apparent that he withdrew his motion to obtain a tactical advantage in the face of impending defeat." Provenzale v. United States, 388 F. App'x 285, 287 (4th Cir. 2010) (per curiam) (unpublished) (citations

4

omitted); see Wade v. United States, No. 4:17-CR-67, 2025 WL 454218, at *1 n.1 (E.D.N.C. Jan. 3, 2025) (unpublished); Jones v. United States, No. CR 17-6, 2023 WL 8602805, at *3 (D. Md. Dec. 12, 2023) (unpublished); Drumwright v. United States, No. 1:06-CR-189, 2013 WL 12221578, at *1 n.1 (M.D.N.C. June 7, 2013) (unpublished), report and recommendation adopted, 2013 WL 12221501 (M.D.N.C. Aug. 16, 2013) (unpublished); cf. United States v. Said, 26 F.4th 653, 658 n.7 (4th Cir. 2022); Valencia-Adata v. United States, No. 5:08-CR-75, 2024 WL 1340664, at *6 (E.D.N.C. Feb. 20, 2024) (unpublished), report and recommendation adopted, 2024 WL 1335625 (E.D.N.C. Mar. 28, 2024) (unpublished); Couther, 619 F. Supp. 3d at 578.

Edwards withdrew his first section 2255 motion "only after it was clear that the motion was destined for denial based on" Greer. Williams v. United States, 91 F.4th 1256, 1258–59 (8th Cir. 2024); see United States v. Mills, No. CR 8:11-816, 2024 WL 863917, at *2 (D.S.C. Feb. 29, 2024) (unpublished); Bradley v. United States, No. 7:14-CR-19-1, 2024 WL 1025458, at *4 (E.D.N.C. Jan. 10, 2024) (unpublished), report and recommendation adopted, 2024 WL 707376 (E.D.N.C. Feb. 21, 2024) (unpublished); cf. Valencia-Adata, 2024 WL 1340664, at *6. Thus, Edwards's section 2255 motion is "successive."

Edwards has not received authorization from the United States Court of Appeals for the Fourth Circuit to file it, and the court lacks jurisdiction to consider it. See 28 U.S.C. § 2255(h); see, e.g., Gonzalez, 545 U.S. at 528–38; Richardson, 930 F.3d at 595–600; Moses, 815 F.3d at 167–69; Winestock, 340 F.3d at 204–05. Thus, the court dismisses without prejudice Edwards's section 2255 motion.

B.

Alternatively, even if the court has jurisdiction, Edwards's motion fails on the merits. "Under the Armed Career Criminal Act, a defendant is subject to more severe punishment for

5

being a felon in possession of a firearm if he has three or more previous convictions for violent felonies." Bell v. Streeval, No. 22-6189, __ F.4th __, 2025 WL 2233207, at *2 (4th Cir. Aug. 6, 2025) (cleaned up). "A defendant qualifie[s] for an ACCA sentencing enhancement if he had three previous convictions for a violent felony or serious drug offense committed on occasions different from one another." United States v. Brown, 136 F.4th 87, 90 (4th Cir. 2025) (cleaned up). Edwards committed his predicate offenses on separate occasions and any error in failing "to charge the 'different occasions' element of the ACCA sentencing enhancement in the indictment and . . . to inform [Edwards] of his right to have that element found by a jury . . . was . . . harmless." Id. at 97–100; see PSR ¶¶ 18, 20, 22–23, 28, 61, 64; United States v. Curtis, No. 18-4907, 2024 WL 1281335, at *5 (4th Cir. Mar. 26, 2024) (unpublished); Marion v. United States, No. 4:16-CR-73, 2024 WL 4851446, at *3 (E.D.N.C. Nov. 21, 2024) (unpublished); Grant v. United States, No. 1:18-CR-107, 2023 WL 5674123, at *4 (W.D.N.C. Sept. 1, 2023) (unpublished). Thus, the court grants the motion to dismiss.

After reviewing the claims presented in Edwards's motion, the court finds that reasonable jurists would not find the court's treatment of Edwards's section 2255 claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack, 529 U.S. at 484.

III.

In sum, the court GRANTS the United States's motion to dismiss [D.E. 147], DISMISSES WITHOUT PREJUDICE defendant's section 2255 motion [D.E. 122, 137, 158], and DENIES a certificate of appealability. Defendant's motion for compassionate release [D.E. 127] remains pending.

SO ORDERED. This 22 day of September, 2025.

                                                                               JAMES C. DEVER III
                                                                               United States District Judge